UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 384 |
| vs. | ) | |
| | ) | Judge Hart |
| CHICAGO POLICE LIEUTENANT | ) | |
| CONROY, Star No. 267, and UNKNOWN | ) | Magistrate Judge Valdez |
| CHICAGO POLICE OFFICERS, and | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Defenses and Jury Demand to plaintiff's Complaint, states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** The City admits that plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of plaintiff's rights, as secured by the United States Constitution. The City denies that it violated any of plaintiff's rights, and further denies that it caused plaintiff any injury.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:** The City admits the allegations in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** The City admits that venue is proper in that the alleged events giving rise to the claims asserted in plaintiff's complaint occurred within this district. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff resides in this judicial district.

## PARTIES

4. At all relevant times, Plaintiff was a 41 year-old female resident of Chicago, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. At all relevant times, Defendant Conroy and the other unknown Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** The City admits that, at all times relevant to the Complaint, Defendant Lieutenant Patrick J. Conroy was employed with the City of Chicago. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois, and that Defendant Lieutenant Patrick J. Conroy was employed

by the City at all times relevant to the Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## Factual Allegations

7. In August, 2007, Plaintiff, lived in an apartment located at 3228 W. Wabansia, Chicago, Illinois 60647, on the first floor of the Coach House, with her 15 year old son and their two dogs, Max and Karma.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. The coach house in which Plaintiff and her family lived was separated into two distinct apartments, with separate front and back entries, separate mailboxes, separate utilities and no access between the two units from the inside of the coach house.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. On the afternoon of August 22, 2007, Plaintiff was at work when she learned that one or more of the Defendant Officers had forced their way into her home and shot and killed her two dogs, Max and Karma.

**ANSWER:** The City admits, upon information and belief, based on Chicago Police Department records, that on August 22, 2007, members of the Chicago Police Department shot and destroyed two dogs at or near 3228 W. Wabansia Ave., Apt. 1 in Chicago, Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10. Plaintiff immediately went home but when she got there, Defendant Officers would not allow her into her own home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. The Chicago Department of Streets and Sanitation arrived at Plaintiff's home and removed her dogs' bodies, after which Plaintiff was permitted to enter her home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Upon entering her home, Plaintiff observed blood from her dogs all over her apartment, including spattered blood on the walls and even inside her son's bedroom.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Plaintiff also observed approximately 16 bullet holes inside her home as well as additional extensive property damage to her apartment and belongings due to the actions of Defendant Officers.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Due to Defendant Officers' unauthorized entry into her home and their subsequent killing of her two beloved pets, Plaintiff and her son have suffered extensive emotional and property damages as well as the loss of the dogs themselves.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count I – 42 U.S.C. § 1983 Unlawful Search

15. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:** The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

16. Defendant Officers entered and searched Plaintiff's home on August 22, 2007, even though Defendant Officers did not have any justifiable basis for the entry and/or search and lacked probable cause, in violation of Plaintiff's rights under the 4th Amendment to the United States Constitution.

**ANSWER:** The City admits, upon information and belief, based on Chicago Police Department records, that on August 22, 2007, members of the Chicago Police Department entered the residence located at 3228 W. Wabansia Ave., Apt. 1 in Chicago, Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17. The aforementioned actions of Defendant Officers and Defendant Conroy proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches to which probable cause did not exist.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. As a direct and proximate result of this illegal entry, search, and seizure, Plaintiff has suffered extensive damages, including but not limited to: property and emotional damages and other damages which will be proven at trial.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**Count II – 42 U.S.C. § 1983 – Unlawful Seizure**

19.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:**   The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

20.     On August 22, 2007, Defendant Officers unlawfully seized Plaintiff's personal property (her dogs), when they intentionally shot and killed them without lawful justification, in violation of the Fourth Amendment to the United States Constitution made applicable to the states through the Fourteenth Amendment.

**ANSWER:**   The City admits, upon information and belief, based on Chicago Police Department records, that on August 22, 2007, members of the Chicago Police Department shot and destroyed two dogs at or near 3228 W. Wabansia Ave., Apt. 1 in Chicago, Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21.     As a result of Defendant Officers actions, Plaintiff has lost her pets and suffered severe emotional and property damages.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count III:  Unlawful Search & Seizure Policy Claim

22.      Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:**   The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

23.     The misconduct described above was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.

### Count V [sic] – Intentional Infliction of Emotional Distress

24. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:** The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

25. As more fully described above, Defendant Officers actions in forcing their way into Plaintiff's home and shooting the family dogs was extreme and outrageous.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Defendant Officers acted willfully and wantonly in that they intended, or were recklessly indifferent towards, causing Plaintiff severe emotional distress, knowing that there was a high probability that breaking into her home and shooting her two dogs would cause her severe emotional distress and mental anguish.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff in fact, has suffered severe emotional distress.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** The City states that the allegations in this paragraph are a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law, and, therefore, this allegation is denied.

29. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** The City states that Plaintiff's allegation that it is "liable as principal for all torts committed by its agents, Defendant Officers" is a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law, and, therefore, this allegation is denied. The City admits that, at all times relevant to this Complaint, Defendant Lieutenant Patrick J. Conroy was employed by the City as Chicago. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, the City prays that this Honorable Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006).

2. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party. 745 ILCS 10/2-102 (2006).

6. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

7. As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary

expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill. 2d 154, 166 (1979) (citations omitted).

8. To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

9. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

10. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

11. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

**Jury Demand**

The City requests a trial by jury.

        Respectfully submitted,

        MARA S. GEORGES
        Corporation Counsel of the
        City of Chicago

BY:  /s/ Helen C. Gibbons
       HELEN C. GIBBONS
       Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 742-3541 Office
(312) 744-3989 Fax
Attorney No. 06292881