## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAQUELINE CASTILLO, | ) | |
| | ) | 08 C 384 |
| Plaintiff, | ) | |
| | ) | Judge HART |
| vs. | ) | |
| | ) | Magistrate Judge VALDEZ |
| CITY OF CHICAGO, et. al., | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

Plaintiff, JAQUELINE CASTILLO, ("Plaintiff"), by her attorney, Jeffrey B. Granich, respectfully requests leave to file Plaintiff's First Amended Complaint, and in support of this motion states as follows:

1. On January 18, 2008, Plaintiff filed this lawsuit after several Chicago Police Officers broke into her home and shot and killed her two dogs without justification on August 22, 2007.

2. At that time, Plaintiff was only able to identify one of the several police officer defendants, so she named "UNKNOWN CHICAGO POLICE OFFICERS," as defendants in addition to the one named individual. Plaintiff included in her original complaint a policy claim against the City of Chicago for failure to train and discipline its police officers.

3. It was not until June 4, 2008, that both named parties finally filed their responsive pleadings in this matter.

4. On June 22, 2008, Plaintiff served written discovery requests upon the Defendants and reminded them in writing of their Rule 26(a)(1) obligations which had not yet been met.

5. On July 24, 2008, counsel for Plaintiff finally received Defendants' Rule 26(a)(1) disclosures

1

and for the first time was able to identify the unknown police officers referred to in her original complaint.

6.     On June 30, 2008, counsel for Plaintiff appeared before this Court on an Agreed Motion to Extend Discovery, in which this Court was informed that Plaintiff would be seeking leave to amend her complaint after identifying the previously unknown Defendant Officers. At this hearing, this Court indicated that it would not entertain Plaintiff's policy claim until and unless discovery uncovered specific evidence supporting it.

7.     Since that time, counsel for Plaintiff has received and reviewed Defendant Conroy's interrogatory answers which support Plaintiff's allegations in her original policy claim. Defendant Conroy has indicated that Chicago Police Officers do not receive any training on what to do if they encounter a dog during the execution of a search warrant. Therefore, Plaintiff now seeks leave to include her policy claim in her First Amended Complaint, which is attached as Exhibit A.

8.     The statute of limitations period on Plaintiff's federal claims does not run until August 22, 2009, and not on her state law claim until August 22, 2008.

WHEREFORE, Plaintiff respectfully requests leave to file her First Amended Complaint.

                    Respectfully Submitted,

                    s/ Jeffrey B. Granich
                    Attorney for Plaintiff

53 W. Jackson, Suite 804
Chicago, IL 60604
312.939.9009
ATTY No. 06207030