UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CDY

| | |
|---|---|
| JAQUELINE CASTILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 08 C 384 |
| CITY OF CHICAGO, ILLINOIS, and Chicago ) | |
| Police Officers PATRICK CONROY, PAUL ) | Judge HART |
| PERAINO, MICHAEL RIX, RYAN WAGNER, ) | |
| JORGE CERDA, WILLIAM LEHNER, BRIAN ) | Magistrate Judge VALDEZ |
| DORSCH, ANTHONY CARDELLA, DANIEL ) | |
| MIESZCAK and DONALD JEROME, ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Now comes Plaintiff, JAQUELINE CASTILLO, ("Plaintiff"), by and through her attorney, Jeffrey B. Granich, and makes the following complaint against Defendant CITY OF CHICAGO (Defendant City) and Chicago Police Officers PATRICK CONROY, PAUL PERAINO, MICHAEL RIX, RYAN WAGNER, JORGE CERDA, WILLIAM LEHNER, BRIAN DORSCH, ANTHONY CARDELLA, DANIEL MIESZCAK, and DONALD JEROME (Defendant Officers):

### JURISDICTION and VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

1

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4. At all relevant times, Plaintiff was a 41 year-old female resident of Chicago, Illinois.

5. At all relevant times, Defendant Officers were Chicago Police Officers employed by Defendant City acting within the scope of this employment and under color of law.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**FACTS**

7. In August, 2007, Plaintiff, lived in an apartment located at 3228 West Wabansia, in Chicago, Illinois, on the first floor of the Coach House, with her teenage son and their two dogs, Max and Karma.

8. The coach house in which Plaintiff and her family lived was separated into two distinct apartments, with separate front and back entries, separate mailboxes, separate utilities and no access between the two units from the inside of the coach house.

9. On the afternoon of August 22, 2007, Plaintiff was at work when she learned that two or more of the Defendant Officers had forced their way into her home and shot and killed her two dogs, Max and Karma.

10. Plaintiff immediately went home but when she got there, Defendant Officers would not allow her into her own home.

11. The Chicago Department of Streets and Sanitation workers arrived at Plaintiff's home and removed her dogs' bodies, after which Plaintiff was permitted to enter her home.

12. Upon entering her home, Plaintiff observed blood from her dogs all over her apartment, including spattered blood on the walls of her living room and on her son's bed and the wall in his bedroom.

13. Plaintiff also observed approximately 16 bullet holes inside her home as well as additional extensive property damage to her apartment and belongings due to the actions of Defendant Officers.

14. Due to Defendant Officers' unauthorized entry into her home and their subsequent killing of her two beloved pets, Plaintiff and her son have suffered extensive emotional and property damages as well as the loss of the dogs themselves.

### Count I – 42 U.S.C. § 1983 Unlawful Search

15. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

16. Defendant Officers entered and searched Plaintiff's home on August 22, 2007, even though Defendant Officers did not have any justifiable basis for the entry and/or search and lacked probable cause, in violation of Plaintiff's rights under the 4th Amendment to the United States Constitution.

17. On information and belief, one or more of Defendant Officers who did not participate in the unlawful search of Plaintiff's home, had knowledge of its unlawfulness, had a reasonable opportunity to intervene and failed to do so.

18. The aforementioned actions of Defendant Officers and Defendant Conroy proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches to which probable cause did not exist.

19. As a direct and proximate result of this illegal entry, search, and seizure, Plaintiff has suffered extensive damages, including but not limited to: property and emotional damages and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 – Unlawful Seizure

20. Plaintiff re-alleges paragraphs 1 through 14 as if fully restated here.

21. On August 22, 2007, two or more of Defendant Officers unlawfully seized Plaintiff's personal property (her dogs), when they intentionally shot and killed them without lawful justification, in violation of the Fourth Amendment to the United States Constitution made applicable to the states through the Fourteenth Amendment.

22. On information and belief, one or more of Defendant Officers were aware of this misconduct, had a reasonable opportunity to intervene, but failed to do so.

23. As a result of Defendant Officers actions or omissions, Plaintiff has lost her pets and suffered severe emotional and property damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she

suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, as well as costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III: Unlawful Search & Seizure Policy Claim

24. Plaintiff re-alleges paragraphs 1 through 23 as if fully restated here.

25. The misconduct described above was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Chicago Police Department will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. The City of Chicago has failed to act to remedy the patterns of misconduct described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

WHEREFORE, Plaintiff prays for judgment against Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered and continues to suffer, plus costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V – Intentional Infliction of Emotional Distress

26. Plaintiff re-alleges paragraphs 1 through 14 as if fully restated here.

27. As more fully described above, Defendant Officers actions in forcing their

5

way into Plaintiff's home and shooting the family dogs was extreme and outrageous.

28. Defendant Officers acted willfully and wantonly in that they intended, or were recklessly indifferent towards, causing Plaintiff severe emotional distress, knowing that there was a high probability that breaking into her home and shooting her two dogs would cause her severe emotional distress and mental anguish.

29. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff in fact, has suffered severe emotional distress.

30. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

30. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

JAQUELINE CASTILLO Plaintiff,

By:    /s/ Jeffrey B. Granich
       Attorney for Plaintiff

53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
A.R.D.C. No. 6207030
(312) 939-9009