UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 384 |
| vs. | ) | |
| | ) | Judge Hart |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago, for its Answer, Defenses and Jury Demand to plaintiff's First Amended

Complaint, states as follows:

**JURISDICTION and VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**    The City admits that plaintiff purports to bring this action pursuant to 42

U.S.C. § 1983 to redress the alleged deprivation under color of law of plaintiff's rights, as

secured by the United States Constitution.  The City denies that it violated any of plaintiff's

rights, and further denies that it caused plaintiff any injury.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and
1367.

**ANSWER:**    The City admits the allegations in this paragraph.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial
district and the events giving rise to the claims asserted in this complaint occurred within this
district.

**ANSWER:**    The City admits that venue is proper in that the alleged events giving rise to the claims asserted in plaintiff's complaint occurred within this district. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff resides in this judicial district.

## PARTIES

4.    At all relevant times, Plaintiff was a 41 year-old female resident of Chicago, Illinois.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.    At all relevant times, Defendant Officers were Police Officers employed by Defendant City acting within the scop [sic] of this employment and under color of law.

**ANSWER:**    The City admits that, at all times relevant to the Complaint, Defendant Officers Patrick Conroy, Paul Peraino, Michael Rix, Ryan Wagner, Jorge Cerda, William Lehner, Brian Dorsch, Anthony Cardella, Daniel Mieszcak, and Donald Jerome were Police Officers employed by the City acting within the scope of their employment and under color of law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois, and that the Defendant Officers  Patrick Conroy, Paul Peraino,

Michael Rix, Ryan Wagner, Jorge Cerda, William Lehner, Brian Dorsch, Anthony Cardella, Daniel Mieszcak, and Donald Jerome were employed by the City at all times relevant to the Complaint.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS

7.    In August, 2007, Plaintiff, lived in an apartment located at 3228 W. Wabansia, Chicago, Illinois, on the first floor of the Coach House, with her teenage son and their two dogs, Max and Karma.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.    The coach house in which Plaintiff and her family lived was separated into two distinct apartments, with separate front and back entries, separate mailboxes, separate utilities and no access between the two units from the inside of the coach house.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.    On the afternoon of August 22, 2007, Plaintiff was at work when she learned that two or more of the Defendant Officers had forced their way into her home and shot and killed her two dogs, Max and Karma.

**ANSWER:**    The City admits, upon information and belief, based on Chicago Police Department records, that on August 22, 2007, members of the Chicago Police Department shot and destroyed two dogs at or near 3228 W. Wabansia Ave., Apt. 1 in Chicago, Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10.     Plaintiff immediately went home but when she got there, Defendant Officers would not allow her into her own home.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     The Chicago Department of Streets and Sanitation arrived at Plaintiff's home and removed her dogs' bodies, after which Plaintiff was permitted to enter her home.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Upon entering her home, Plaintiff observed blood from her dogs all over her apartment, including spattered blood on the walls of her living room and on her son's bed and the wall in his bedroom.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Plaintiff also observed approximately 16 bullet holes inside her home as well as additional extensive property damage to her apartment and belongings due to the actions of Defendant Officers.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     Due to Defendant Officers' unauthorized entry into her home and their subsequent killing of her two beloved pets, Plaintiff and her son have suffered extensive emotional and property damages as well as the loss of the dogs themselves.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Count I – 42 U.S.C. § 1983 Unlawful Search

15.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:**    The City's answers to paragraphs 1 through 14 in the Complaint are

incorporated herein by reference as though fully set forth.


16.    Defendant Officers entered and searched Plaintiff's home on August 22, 2007, even though Defendant Officers did not have any justifiable basis for the entry and/or search and lacked probable cause, in violation of Plaintiff's rights under the 4th Amendment to the United States Constitution.

**ANSWER:**    The City admits, upon information and belief, based on Chicago Police

Department records, that on August 22, 2007, members of the Chicago Police Department

entered the residence located at 3228 W. Wabansia Ave., Apt. 1 in Chicago, Illinois.  The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.


17.    On information and belief, one or more of the Defendant Officers who did not participate in the unlawful search of Plaintiff's home, had knowledge of its unlawfulness, had reasonable opportunity to intervene and failed to do so.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.


18.    The aforementioned actions of Defendant Officers and Defendant Conroy proximately cause Plaintiff to be deprived of her 4th Amendment right to be from unlawful searches to which probable cause did not exist.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

19.    As a direct and proximate result of this illegal entry, search, and seizure, Plaintiff has suffered extensive damages, including but not limited to:  property and emotional damages and other damages which will be proven at trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**WHEREFORE**, the City prays that this Honorable Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count II – 42 U.S.C. § 1983 – Unlawful Seizure

20.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:**    The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

21.    On August 22, 2007, two or more of Defendant Officers unlawfully seized Plaintiff's personal property (her dogs), when they intentionally shot and killed them without lawful justification, in violation of the Fourth Amendment to the United States Constitution made applicable to the states through the Fourteenth Amendment.

**ANSWER:**    The City admits, upon information and belief, based on Chicago Police Department records, that on August 22, 2007, members of the Chicago Police Department shot and destroyed two dogs at or near 3228 W. Wabansia Ave., Apt. 1 in Chicago, Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22.    On information and belief, one or more of the Defendant Officer were aware of this misconduct, had a reasonable opportunity to intervene, but failed to do so.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.    As a result of Defendant Officers actions, Plaintiff has lost her pets and suffered severe emotional and property damages.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Honorable Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count III:  Unlawful Search & Seizure Policy Claim

24.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:**    The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

25.    The misconduct described above was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of

misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.   The City of Chicago has failed to act to remedy the patterns of misconduct described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:**   The City denies the allegations in this paragraph, including all of its sub-paragraphs.

**WHEREFORE**, the City prays that this Honorable Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count V [sic] – Intentional Infliction of Emotional Distress

26.   Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded here.

**ANSWER:**   The City's answers to paragraphs 1 through 14 in the Complaint are incorporated herein by reference as though fully set forth.

27.   As more fully described above, Defendant Officers actions in forcing their way into Plaintiff's home and shooting the family dogs was extreme and outrageous.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.   Defendant Officers acted willfully and wantonly in that they intended, or were recklessly indifferent towards, causing Plaintiff severe emotional distress, knowing that there was a high probability that breaking into her home and shooting her two dogs would cause her severe emotional distress and mental anguish.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

29.    As a direct and proximate result of Defendant Officers' misconduct, Plaintiff in fact, has suffered severe emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.    Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    The City admits that within the confines of Illinois law the City is obligated to pay compensatory damages awarded against its employees.

30. [cycad all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    The City admits that, at all times relevant to this Complaint, Defendant Officers Patrick Conroy, Paul Peraino, Michael Rix, Ryan Wagner, Jorge Cerda, William Lehner, Brian Dorsch, Anthony Cardella, Daniel Mieszcak, and Donald Jerome were employed by the City as Chicago Police Officers. The City further admits that within the confines of Illinois law the City is obligated to pay compensatory damages awarded against its employees.   The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**WHEREFORE**, the City prays that this Honorable Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

2.    Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff.  745 ILCS 10/2-109 (2006).

3.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.    Defendant City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5.    Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party.  745 ILCS 10/2-102 (2006).

6.     A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

7.     As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party."  See Kerns v. Engelke, 76 Ill. 2d 154, 166 (1979) (citations omitted).

8.     To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

9.     To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

10.    Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment.  Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

11.    Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

**Jury Demand**


The City requests a trial by jury.


                                        Respectfully submitted,

                                        MARA S. GEORGES
                                        Corporation Counsel of the
                                        City of Chicago

                                    BY:    /s/ Helen C. Gibbons
                                        HELEN C. GIBBONS
30 N. LaSalle Street, Suite 1020        Assistant Corporation Counsel
Chicago, IL 60602
(312) 742-3541 Office
(312) 744-3989 Fax
Attorney No.  06292881

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, certify that I electronically served a copy of this Notice of Filing and Defendant City of Chicago's Answer, Defenses, and Jury Demand To Plaintiff's First Amended Complaint to all parties of record on this 8th  day of September 2008.

/s/Helen C. Gibbons_____

Helen C. Gibbons
